ORIGINAL

MARK J. BENNETT                    2672
Attorney General of Hawaii

REGINALD K. T. YEE                 2340
CINDY S. INOUYE                    3968
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Email: Reginald.K.Yee@hawaii.gov.

Attorneys for Defendant
STATE OF HAWAI'I,

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 2 2006

at _11_ o'clock and _46_ min. _a_ M⁻
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

"JANE MOTHER",

               Plaintiff,

  vs.

STATE OF HAWAI'I,

          Defendants.

) CIVIL NO. 00-00446 DAE/LEK
)
) DEFENDANT STATE OF HAWAII'S
) BILL OF COSTS; MEMORANDUM IN
) SUPPORT OF BILL OF COSTS;
) DECLARATION OF REGINALD K. T.
) YEE; DECLARATION OF SUSAN S.
) CHANG; EXHIBITS "A" TO "B";
) CERTIFICATE OF SERVICE
)
)
) [Non-Hearing Motion]
)
) Trial Date: October 4, 2005
)
) Judge:  Magistrate Judge
)            Leslie E. Kobayashi
)
)
)
)

SCANNED

175848_2.DOC

set

## DEFENDANT STATE OF HAWAII'S BILL OF COSTS

Defendant State of Hawaii hereby submits this Bill of Costs, pursuant to Fed. R. Civ. Proc. 54(d)(1), and Local District Court Rule 54.2, seeking the following costs:

| | |
|---|---|
| 1) Witness Fees | $248.00 |
| 2) Summons and Subpoena | $1,027.50 |
| 3) Court Reporter/Transcripts | $13,035.78 |
| 4) Photocopying | $13,038.65 |
| **Grand Total of Costs** | **$27,349.93** |

Attached are a Memorandum in Support of Bill of Costs and a Declaration justifying recovery of these costs. Exhibits "A" and "B" provide itemization of the above-listed costs.

The meet and confer required by LR 54.2 (c) was held on January 12, 2006. The conference followed the brief status held in an open off the record discussion between the Court and counsel. Plaintiff's counsel suggested that the State forego its bill of costs in exchange for Plaintiff not filing an appeal. Further telephone discussions on January 31, 2006 and February 1, 2006, has not yielded any agreement as to the State's anticipated Bill of Costs.

DATED:  Honolulu, Hawaii, *Feb. 2* ___, 2006.

STATE OF HAWAII

MARK J. BENNETT
Attorney General

REGINALD K.T. YEE
Deputy Attorney General

Attorneys for Defendant
STATE OF HAWAII

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| "JANE MOTHER", | ) | CIVIL NO. 00-00446 DAE/LEK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| STATE OF HAWAI'I, | ) | MOTION |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

Defendant STATE OF HAWAII ("Defendant STATE") submits this Memorandum in support of its Bill of costs. The State is entitled to costs as the prevailing party in this case under Federal Rules of Civil Procedure 54(d) and under Local Rule 54.2(a).

## I.    Introduction:

The State prevailed on the sole claim litigated, which related to whether it had acted with "deliberate indifference" or had discriminated against Plaintiff. The costs described in the bill of costs are within the costs allowed by the governing statutes and rules.

1.    **Witness Fees.**  Title 28, of the United States Code (hereinafter "U.S.C."),

Section 1821 (b) specifically allows a witness attendance fee of $40.00 per day for

each day of attendance.  Further, subparagraph (c)(1) states that:

> A witness who travels by common carrier shall be paid for the actual
> expenses of travel on the basis of the means of transportation
> reasonably utilized and the distance necessarily traveled to and from
> such witness's residence by the shortest practical route in going to and
> returning from the place of attendance.  Such a witness shall utilize a
> common carrier at the most economical rate reasonably available.  A
> receipt or other evidence of actual cost shall be furnished.  28 U.S.C.
> § 1821 (c)(1).  [Taxi cab fares are covered under, subparagraph (c)(3).]

In this case, Kinue Kanda was the only witness who testified in this case.

She had to fly in from the Big Island on Hawaiian Airlines ($183.00) and took a

taxi from the airport to court ($50.00).  On the return fight it appears that she

incurred a change of flight charge of $15.00.  Her total expenses are $248.00.

2.    **Fees for service of summons and subpoena.**  Local Rule 54.2 (f) 1 allows

the following:

> Fees for the service of process and service of subpoena by someone
> other than the marshal are allowable, to the extent they are reasonably
> required and actually incurred.  LR 54.2(f)1.

In this case, on June 14, 2002, a subpeona was served on Daniel J. Bruining, Ph.D.,

a treating psychologist for RN as his office was located in New York, at a charge of

$165.00.  On September 12, 2005, a subpeona was served on Sharon Deloughery, a

former elementary school teacher from the Waikiki Elementary School, who had

relocated to Illinois, at a charge of $218.50.  On September 27, 2005, a subpoena was served on Kinue Kanda in Hilo, Hawaii for trial, at a fee of $40.00.  On various dates preceding September 20, 2005, the following witnesses were subpoenaed for trial:  William Santos, John Walters, Rhoda Napoleon, Jon Itomura, Gwen Higgens, Kenneth Ling, Cheryl Lippman, Katherin Wallen, Maltbie Napoleon, Shelly Sypowicz, and Catherine Caine, by a deputy sheriff, at a total charge of $422.00, inclusive of mileage.  On September 21, 2005, a second bill for service of a subpoena for John Walters was issued with an additional charge of $32.00.  Apparently, Mr. Walters was served on the second attempt which explains the additional charge.  At a date prior to September 27, 2005, a subpoena was served on June Ching, Ph.D. at a cost of $38.00.  Again at a date prior to October 2, 2005, a subpoena was served on Bonita Gravelle and an attempted service was made on Steve Kux for trial, at a cost of $112.00.  Total sheriff subpoena costs claimed for recovery is $1,027.50.

**3.    Deposition Transcripts.**  Depositions were taken in preparation for trial in this case of many witnesses.  The taxability of this cost is clarified by Local Rule 54.2(f) 2.

> 2.    The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable.  A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expect that the deposition would be used for trial preparation, rather than

mere discovery.   LR 54.2 (f)2.

Intended use of deposition transcripts are always two-fold, one, for use in motions and, two, for use to impeach witnesses at trial.

There is one other category which is the records deposition obtained upon written questions.  This task is given to a court reporting agency which serves a subpoena, charges a sheriff service fee and tacks on a copying charge, which results in a bound booklet of records.  Because it is impossible to separate out the sheriff's service fee from copying costs, it is presented as costs of transcripts.  Included in this category is the following:

1.    on July 23, 2002, the federal court proceeding of July 12, 2002 at a cost of $134.05;

2.    on September 27, 2005, Sharon Deloughery's deposition taken on September 14, 2005 at a cost of $1,646.85;

3.    on December 28, 2005, the cost of a video conference room for Sharon Deloughery's deposition, $453.75;

4.    on November 1, 2005, documents which were drafted in conjunction with Ms. Deloughery's deposition, cost of $168.60;

5.    on June 3, 2002, documents by description which appears to be production obtained from Plaintiff, cost of $104.17;

6.    on November 16, 2004, records deposition of Nancy Luckie, M.D.'s

records, cost of $182.85;

      7.    on March 31, 2005, oral deposition taken of Jane Mother, cost of $604.76;

      8.    on June 9, 2005, oral deposition taken of Jane Mother, cost of $1,036.05;

      9.    on July 24, 2002, oral deposition transcripts of Kris Murakami, Holly Shikada and Cheryl Lippman, cost of $1,732.73;

      10.    on June 20, 2005, oral deposition transcript of John Flynn (noticed by Plaintiff), cost of $183.15;

      11.    on June 18, 2002, copy of family court proceeding transcript for July 22, 1998 (used at trial), cost of $25.78;

      12.    on June 12, 2002, depositions upon written interrogatories for the records of June Ching, Nancy Luckie, Jeremy Lam, Dennis McLaughlin, Daniel Legoff, Renee Pangilinan, cost at $647.76;

      13.    on June 14, 2002, depositions upon written interrogatories for the records of Kapiolani Medical Center, Straub (billing) records, cost $288.04;

      14.    on June 17, 2002, deposition upon written interrogatories for Kapiolani Counseling Center, cost of $147.13;

      15.    on June 24, 2002, deposition upon written interrogatories for James Pearce, M.D.'s records, cost $268.02;

16.    on July 1, 2002, costs advance for the depositions upon written interrogatories for records for Jeremy Lam, Kapiolani Medical Center, Straub Medical Center (medical records), James Pearce, June Ching, Dennis McLaughlin, Daniel Legoff, Learning Disabilities Association of Hawaii, David Hamlin, Renee Pagilinan, Nancy Luckie, Mitzi Gold, Melanie Gottlieb, cost of $822.91;

17.    on July 5, 2002, deposition upon written interrogatories of records for Dr. Melanie Gottlieb, cost of $129.95;

18.    on August 14, 2002, deposition upon written interrogatories of records for Kapiolani Medical Center, cost of $69.79;

19.    on August 29, 2005, oral deposition of Maltbie Napoleon, cost of $118.75;

20.    on August 19, 2005, deposition upon written interrogatories of records for Mitzi Gold, Ph.D., cost of $48.96;

21.    on August 31, 2005, oral deposition of statement for the record regarding Maltbie Napoleon, cost of $115.47;

22.    on September 13, 2005, cost advance for deposition of Dr. Mitzi Gold's records, cost of $40.62;

23.    on September 23, 2005, oral deposition of Dr. June Ching taken on September 20, 2005, cost of $526.56;

24.    on September 23, 2005, oral deposition of Dr. Evelyn Yanagida taken

on September 20, 2005, cost of $407.81;

25.    on September 27, 2005, oral deposition of Steve Kux, Dr. Dennis McLaughlin taken on September 13, 2005, cost of $827.03;

26.    on September 28, 2005, oral deposition of Dr. Jeremy Lam taken on September 14, 2005, cost of $447.97;

27.    on September 30, 2005, oral depositions of Ivalee Sinclair, Dr. Mitzi Gold, Dean Nagamine, Esq., taken on September 15, 2005, cost of $976.50;

28.    on October 18, 2005, costs advanced for deposition of Steve Kux, witness fees, sheriff and copy costs, cost of $98.96;

29.    on October 18, 2005, costs advanced for depositions of Dr. Dennis McLaughlin, Dr. Jeremy Lam, witness fees, sheriff and copy costs, cost of $156.25;

30.    on October 18, 2005, costs advanced for depositions of Ivalee Sinclair, Dr. Evelyn Yanagida, Dr. June Ching, witness fees, sheriff and copy costs, cost of $226.04;

31.    on September 23, 2005, video taped deposition of Steve Kux, cost of $411.46 (-$52.00) = $359.46;

32.    on September 26, 2005, video taped deposition of Sharon Deloughery, cost of $85.94 (-$46.88) = $39.06;

The total for court reporter transcripts and video is $13,035.78.

**4.    Photocopying Costs.** Title 28, U.S.C., Section 1920 specifically allows "Fees of the court reporter for all or any art of the stenographic transcript necessarily obtained for use in the case" (28 U.S.C. § 1920 (2)); "Fees and disbursements for prinitng and witnesses" (Id. (3)); "Fees for exemplification and copies of papers necessarily obtained for use in the case" (Id. (4). Local Rule 54.2 (f) 4 clarifies that:

> 4.    The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the document copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. LR54.2 (f)4.

The attached declaration and exhibit provide the information required by the clarification. The photocopying costs are for the court copies and service copies of pleadings filed by the State in this litigation. The Local Rule allows either a fifteen cents per page limit times the number of copies for each party or "the actual cost charged by commercial copiers". The Local Rule limits photocopying charges to what is "reasonable" and disallows costs of copies when it is for the use and convenience of the party seeking recovery. Id.

All filed defendant documents were tagged and pages counted. A total of 6,105 pages were counted by paralegals. This figure is multiplied by 3, for three

copies, two originals and one copy to the Plaintiff. This figure is multiplied by $.15 per page for the total cost of $2,747.25.

Additional copy charges were incurred incidental to copying medical records, school records, statements, documents produced by the DOE and Plaintiffs, for use as exhibits at depositions and trial. Further, additional copies of these potential exhibits were provided to expert witnesses: Dr. Marvit, Dr. Choy, Mr. Walters, and Dr. Eliashof. In this instance, commercial copying companies were utilized as follows:

1.    on August 26, 2005, U.S. District Court invoice for 14 pages of certified copy of documents and certification at $.50 per page, cost of $16.00 (certified copy of documents for use as trial exhibits);

2.    on June 7, 2002, medical records were obtained from the Kapiolani Medical Center for Jane Mother from both printed pages and microfilmed pages, cost of $15.08 (exhibits for use at deposition and trial);

3.    on March 22, 2002, New Tech Imaging invoice for 1,276 pages at $.16 per page, cost of $212.67 (discovery produced to Plaintiff);

4.    on March 27, 2002, New Tech Imaging invoice for 439 pages at $.16 per page, cost of $73.17 (discovery produced to Plaintiff);

5.    on May 7, 2002, New Tech Imaging invoice for 344 pages at $.14 per page, cost of $150.50 (discovery produced to Plaintiff);

6.     on May 21, 2002, New Tech Imaging invoice for a variety documents, one page at $2.75, one page at $1.30, two pages at $1.00 a page, and 414 pages at $.12 per page, cost of $114.02 (discovery produced to Plaintiff);

7.     on May 29, 2002, New Tech Imaging invoice for 2,821 pages at $.14 per page, two copies, cost of $822.79 (discovery produced by Plaintiff – extra copy given to court reporter to have bate stamped);

8.     on May 30, 2002, New Tech Imaging invoice for 3,879 pages at $.06 per page, two copies, and 1,873 pages at $.06 per page, one copy, cost of $601.93;

9.     on June 6, 2002, New Tech Imaging invoice for 2,813 pages at $.14 per page, cost $820.45 (Expert Report deadline was on July 15, 2002, copies of medical records and other documentation were being copied and sent to Dr. Marvit, Dr. Choy and Mr. Walters);

10.     on June 24, 2002, New Tech Imaging invoice for 133 pages at $.10, one copy and 133 pages at $.08, three copies, cost of $47.10 (Expert Report deadline was on July 15, 2002, copies of medical records and other documentation were being copied and sent to Dr. Marvit, Dr. Choy and Mr. Walters);

11.     on June 17, 2002, New Tech Imaging invoice for 18 pages at $1.75, 18 pages at $1.30, and 1,105 pages at $.14 per page, three copies, and 378 pages at $.10, three copies, cost of $592.87 (Expert Report deadline was on July 15, 2002, copies of medical records and other documentation were being copied and sent to

Dr. Marvit, Dr. Choy and Mr. Walters);

12.    on June 17, 2002, New Tech Imaging invoice for 10 pages at $1.75, 10 pages at $1.30, 7 pages at $1.00, 89 pages at $.10 per page, four copies, 378 pages at $.10 per page, cost of $115.52 (Expert Report deadline was on July 15, 2002, copies of medical records and other documentation were being copied and sent to Dr. Marvit, Dr. Choy and Mr. Walters);

13.    on July 11, 2003, New Tech Imaging invoice for 1,381 pages at $.10 per page, costs of $143.85 (discovery documents for use in case);

14.    on July 23, 2002, New Tech Imaging invoice for 4 pages at $2.75 per page, 4 pages at $.60 per page, 122 pages at N/C, 884 pages at $.10 per page, six copies, 122 pages at __ per page, two copies, 1006 pages at $.15 per page, seven copies, cost at $750.19 (this possibly were Defendant's Reply Memorandum and Exhibits filed on July 23, 2002 and will not be included in the per page document charge noted above);

15.    on July 11, 2003, New Tech Imaging invoice for 629 pages at $.14 per page and 629 pages at $.08 per page, cost of $144.14 (copies of discovery produced by Plaintiff);

16.    on July 18, 2005, New Tech Imaging invoice for 5,226 pages at $.08 per page, 4 pages at $1.25 per page, 3 pages at $1.75 pages, three hole punch paper for 2,553 pages at $.15 per page, cost of $486.07 (documents copied for Byron

Eliashof, M.D.'s expert IME);

17.    on July 22, 2005, New Tech Imaging invoice for 1,143 pages at $.07 per page, three copies, using paper with three holes pre-punched, cost of $305.70 (document copied for Keith Hunter's mediation statement);

18.    on August 10, 2005, New Tech Imaging invoice for 1 page at $2.75 per page, 1 page at $1.30 per page, 6 pages at $1.00 per page, 365 pages at $.12 per page, and 365 pages at $.08 per page, cost of $125.36 (documents given to Robert Marvit's expert IME);

19.    on August 27, 2005, New Tech Imaging invoice for 5,635 pages at $.06 per page, six copies, cost of $2,011.86 (preparation for trial, court exhibits);

20.    on September 6, 1005, New Tech Imaging invoice for 1 page at $1.00 per page, 2,876 pages at $.08 per page, five copies, 1 CD at $5.00 per CD, cost of $1,233.74 (preparation for trial, court exhibits);

21.    on October 6, 2005, New Tech Imaging invoice for 634 pages at $.06, five copies, 3 pages at $.60 per page, four copies, 1 page at $1.25 per page, four copies, 634 pages at $.15, five copies, cost of $260.36 (preparation for trial, court exhibits);

22.    on September 28, 2005, New Tech Imaging invoice for 2,876 at $.08 per page, cost of $239.67 (preparation for trial, court exhibits);

23.    on May 12, 2005, New Tech Imaging invoice for 331 pages at $.07 per

page, two copies, cost of $48.27 (preparation for trial, court exhibits);

24.     on June 17, 2005, New Tech Imaging invoice for 544 pages at $.10 per page, two copies, CD burn, other services, cost of $177.50 (documens for Byron Eliashof, M.D. expert IME);

25.     on June 17, 2005, New Tech Imaging invoice for 436 pages at $.12 per page, two copies, other services, cost of $126.48 (documents for Byron Eliashof, M.D. expert IME);

26.     on June 17, 2005, New Tech Imaging invoice for 145 page at $.08 per page, two copies, cost of $24.17 (documents for Byron Eliashof, M.D. expert IME);

27.     on June 29, 2005, New Tech Imaging invoice for 5,190 pages at $ .10 per page, two hole pre-punched paper, binding, cost of $590.94 (working copy of documents given to Bryon Eliashof, M.D. expert IME); and

28.     on August 30, 2005, National Archives Trust Fund invoice for certified copies of records to used as trial exhibits, cost of $41.00 (certified record of documents for use as trial exhibits).

Total copy cost is $13,038.65.

II.     **ARGUMENT**

**Defendant State is Entitled to Its Costs Incurred Pursuant to FRCP 54(d)**

Defendant STATE is entitled to recover its costs pursuant to Rule 54(d) of

the Federal Rules of Civil Procedure.  Rule 54 (d) provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

This Court has held that "[c]osts are awarded to the prevailing party in civil actions as a matter of course, absent express statutory provision, unless pursuant to Rule 54(d) of Fed.R.Civ.P., the court otherwise directs." Feher v. Dept. of Labor and Industrial Relations, 561 F.Supp. 757, 769 (D. Hawaii 1983).

In this case, Defendant State is clearly the prevailing party.  There is no governing statutory authority that prevents Defendant State from recovering its costs.

III.  CONCLUSIONS

Based on the foregoing, Defendant State requests that the Court issue an order awarding the State its costs expended to defend this case.  The total is $27,349.93.

DATED:  Honolulu, Hawaii, _Feb. 2_, 2006.

REGINALD K. T. YEE
Deputy Attorney General

Attorney for Defendant
STATE OF HAWAI'I

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

"JANE MOTHER",            )     CIVIL NO. 00-00446 DAE/LEK

                     )

           Plaintiff,   )

vs.                  )

                     )

STATE OF HAWAI'I,       )     **CERTIFICATE OF SERVICE**

                     )

                     )

         Defendants.   )

                     )

                     )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _Feb. 2_, 2006, a copy of the foregoing was served on the counsel for the above-identified party at his/her last known address via U.S. mail, postage prepaid as follows:

> CARL M. VARADY, ESQ.
> 1001 Bishop Street, Suite 2870
> American Savings Bank Tower
> Honolulu, Hawaii  96813

Attorney for Plaintiff

     DATED:  Honolulu, Hawaii, _Feb. 2_, 2006.

                  REGINALD K. T. YEE
                  Deputy Attorney General

                  Attorney for Defendant
                  STATE OF HAWAI'I