IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| "JANE MOTHER", ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE OF HAWAI'I, CHERYL ) <br> LIPPMAN, and SHARON MANNER ) <br> in their individual capacities, ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL NO. 00-00446 DAE/LEK <br><br> **DECLARATION OF REGINALD K. T. YEE** |

## DECLARATION OF REGINALD K. T. YEE

I, REGINALD K.T. YEE, pursuant to 28 U.S.C. § 1746, do hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of Hawaii and am a deputy attorney general assigned to represent the State of Hawaii in the above-referenced case. I have reviewed the records and files and make the following statements upon information and belief.

2. I am the attorney, along with supervising Deputy Attorney General Cindy S. Inouye, who handled the trial in this case. I have handled this case since June of 2004 to present.

3. Prior to my handling of this case, oral depositions had been taken of

175848_2.DOC

Holly Shikada, Cheryl Lippman and Chris Murakami.

4. In preparation of trial, I took the oral depositions of the following witnesses: on March 11, 2005, Jane Mother; on May 13, 2005, Jane Mother; on September 13, 2005, Steve Kux and Dennis McLaughlin, Ph.D.; on September 14, 2005, Sharon Deloughery and Jeremy Lam, M.D.; on September 15, 2005, Ivalee Sinclair, Mitzi Gold, Ph.D., and Dean Nagamine, Esq.; and, on September 20, 2005, Evelyn Yanagida Ph.D. and June Ching, Ph.D. With the exception of Steve Kux and Sharon Deloughery, the other witnesses were designated Plaintiff's witnesses for trial. Steve Kux's testimony was video taped because he was scheduled to be out of town at the time of trial. Sharon Deloughery's testimony had been video taped because she was in Illinois and because she recently gave birth and was nursing her infant and would have had substantial difficulty returning to Hawaii for trial.

5. This entire case covered a substantial period of time, essentially five and a half elementary school years, leading up to the alleged act of discrimination, involved approximately twenty or more potential witnesses, some of which have relocated to the mainland and surrounding neighbor islands, and voluminous documentary records. As a result, the defense of this case involved substantial time, effort and expense in responding to a relentless, unyielding Plaintiff, even during the settlement process.

7.  Exhibit "A" attached to this Bill of Costs is a chart which sets forth all costs incurred in defense of this case which had been paid by the Civil Rights and Tort Litigation Divisions. This chart was prepared by Susan S. Chang, the supervisor of our fiscal office entrusted with the payment of these costs incidental to litigation expenses incurred. See Exhibit "A", entitled "RN THRU "JANE MOTHER" V. SOH, MI#00-18241 OR 00-00446", attached hereto and incorporated herein by reference.

8.  Exhibit "B" attached to this Bill of Costs is Form AO-133 prepared in conjunction with the instant Bill of Costs. Included in this Bill of Costs is a tally of the number of documents filed by Defendant State and the total number of pages multiplied by the total number of copies (3), two originals for the court and one copy for Plaintiff's counsel, and photocopying charges as allowed by Local Rule 54.2 at $.15 per page. Said tally of the number of pages were prepared at my instruction and by paralegals in the Tort Litigation and Civil Rights Divisions. See Exhibit "B", entitled "Bill of Costs", attached hereto and incorporated herein by reference.

9.  The attached Exhibits "A" through "B" are true and accurate copies of documents prepared by me with assistance of others and at my request.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge and ability.

DATED: Honolulu, Hawaii, Feb. 2, 2006.

_____
REGINALD K.T. YEE