IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| "JANE MOTHER",<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAI‘I,<br><br>　　　　Defendant. | CIVIL NO.  CV00-00446 LEK<br><br>DECLARATION OF CARL M. VARADY, EXHIBIT 1 |

## **DECLARATION OF CARL M. VARADY**

Carl M. Varady declares:

1.　　I am the attorney for Plaintiff "Jane Mother" and make this declaration of my own personal knowledge.

2.　　On February 2, 2006, Defendant timely filed a bill of costs in this case, seeking costs in the amount of $27,349.93.

3.　　By stipulation lodged February 3, 2006, approved by the Court and filed on February 7, 2006, the deadline for the appeal in this matter was extended until and including March 3, 2006.  The purpose of the extension was to permit the parties to consider resolving this case through settlement.

4.　　Although Plaintiff requested a similar one-month extension for

her objections to the bill of costs, Defendant refused, instead offering only a one-week extension, until and including February 20, 2006.

      5.      During the course of the settlement discussions Plaintiff drafted a settlement proposal and made revisions requested by Defendant in a good faith attempt to resolve this dispute.

      6.      As recently as February 17, 2006, Plaintiff generated additional modifications to settlement language for Defendant's consideration at Defendant's request. At no time, however, was any representation made by Defendant that the Defendant would respond by a date certain to Plaintiff's proposal.

      7.      On February 21, 2006, Defendant still had not accepted or rejected the settlement proposal. Plaintiff again asked for an extension of time in which to file objections to the bill of costs. Defendant refused Plaintiff's request for a one week extension and would only grant a six-day extension. Defendant was unable to identify any date certain by which a response to the settlement proposal would be made.

      8.      Therefore, I began drafting objections to the bill of costs in order to assure that they would be filed timely, given Defendant's refusal to grant even a one-week extension or confirm when a response to the settlement proposal would be made and the possibility the objection deadline would not be extended further.

9. In the course of my research, I became aware of the case of *Brown v. Lucky Stores,* 246 F.3d 1182, 1191 (9th Cir. 2001)(Exhibit 1), which holds that, like attorneys' fees, <u>costs</u> cannot be awarded against unsuccessful Plaintiffs in ADA and Rehabilitation Acts cases, unless plaintiff's action is found to be "frivolous, unreasonable, or without foundation." I was unaware of this case prior to this research and did not know about it at the time I was requesting a further extension of time in which to file objections to the bill of costs. Through additional research, I then determined that the Ninth Circuit precedent was consistent with that of numerous other Circuit Courts and the United States Supreme Court.

10. After I discovered the *Brown* case and related precedents, and consulted with Plaintiff, I immediately informed Defendant by letter on February 22, 2006, of Plaintiff's decision to withdraw her offer of settlement and oppose the bill of costs. Due to financial hardship, the possibility that *Brown* prohibits such an award was of tremendous importance to Plaintiff, especially given the fact that her objections were due in a matter of days and she had not been given a time certain by which Defendant would respond to her proposed settlement. Plaintiff was faced with the possibility that she would not know until the objections were due, that settlement was rejected and had no assurance that further extensions for the objections would be granted.

11. I contacted Defendant's attorney today and discussed the above facts with him this morning, provided him with a copy of *Brown v. Lucky Stores,* 246 F.3d 1182 (9th Cir. 2001), and a similar District Court decision from within the Ninth Circuit relying on *Brown*. I informed him that I believed there was no legal basis for an award of costs, given the Court's finding that Plaintiff had presented a *prima facie* case of unlawful retaliation, and informed him of Plaintiff's position that the bill of costs should be withdrawn. I requested Defendant's counsel review the *Brown* decision, expecting that he would respond on the substance of the matters asserted by Plaintiff.

12. Instead of responding to the substance of Plaintiff's request, Defendant disclosed the settlement agreement in violation of Rule 408, by presenting the Court with a copy a draft settlement agreement and directly presenting the substance of confidential settlement communications, as well as personal accusations regarding my conduct.

13. After receiving the letter I requested that Defendant withdraw the request, given the circumstances outlined above. Defendant's request has not been withdrawn.

14. Defendant will suffer no hardship if Plaintiff's request is granted.

15. This motion is submitted on an *ex parte* basis to ask the Court

for immediate determination, should the Court grant the Defendant's request to withdraw its voluntary assent to continue the deadline for Plaintiff's objections and the stipulation not be signed by the Court.

I declare under perjury the foregoing is true.

DATED: Honolulu, Hawai'i, February 22, 2006.

/s/

_____
CARL M. VARADY