**EXHIBIT 1 TO DECLARATION OF CARL M. VARADY**

LEXSEE

**KAREN L. BROWN, Plaintiff-Appellant-Cross-Appellee, v. LUCKY STORES, INC.; JOHN HUNT, Defendants-Appellees-Cross-Appellants.**

**Nos. 99-15385, 99-15509**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**246 F.3d 1182; 2001 U.S. App. LEXIS 6609; 11 Am. Disabilities Cas. (BNA) 1195; 2001 Cal. Daily Op. Service 3012; 2001 Daily Journal DAR 3721**

**September 11, 2000, Argued and Submitted, San Francisco, California April 17, 2001, Filed**

**PRIOR HISTORY:** [**1] Appeal from the United States District Court for the Northern District of California. D.C. No. CV-98-00122-CRB. Charles R. Breyer, District Judge, Presiding.

**DISPOSITION:** AFFIRMED in part, REVERSED in part and REMANDED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant sought review from the judgment of the United States District Court for the Northern District of California, which granted summary judgment in favor of appellee on appellant's claims that she was terminated because of her alcoholism in violation of the Americans with Disabilities Act, and the Rehabilitation Act. Appellee cross-appealed the district court's failure to award costs to appellee.

**OVERVIEW:** Appellant was employed by appellee. Appellant was arrested and convicted of drunk driving and possession of methamphetamine. Because appellant could not post bail, she was incarcerated until her trial. On the third day that appellant failed to show for work, appellee terminated her employment pursuant to the terms of the collective bargaining agreement (CBA). Appellant brought suit under the Americans with Disabilities Act and the Rehabilitation Act, as well as state law claims, alleging that termination because of her alcoholism was discrimination. The district court granted summary judgment in favor of appellee, but denied costs. Appellant and appellee sought review, and judgment of the district court was affirmed in part, reversed in part, and remanded. The "safe harbor" provision applied only to employees who had refrained from using drugs for a significant period of time, so appellant was not entitled to "safe harbor" protection. Appellant failed to establish that appellee received federal funds or was otherwise under

executive agency control, so her Rehabilitation Act claim failed. However, the district court failed to explain why it denied costs to the prevailing appellees.

**OUTCOME:** Judgment was affirmed in part, reversed in part, and remanded.

**CORE TERMS:** Rehabilitation Act, accommodation, disability, terminated, supplemental jurisdiction, reasonable accommodation, rehabilitation program, illegal use, prevailing, engaging, alcoholism, fair dealing, termination, declined to exercise, abuse of discretion, implied covenant, reason to know, safe harbor, supervised, alcoholic, possession of methamphetamine, summary judgment, state law, alcohol, violation of public policy, original jurisdiction, financial assistance, emotional distress, prevailing party, implied contract

**LexisNexis(R) Headnotes**

*Labor & Employment Law > Discrimination > Disability Discrimination > Other Laws*
[HN1] The Americans with Disabilities Act's so-called "safe harbor" provision, 42 U.S.C.S. § 12114(b)(2), extends the Act's protections to an individual participating in a supervised rehabilitation program, and no longer engaging in the illegal use of drugs.

*Labor & Employment Law > Discrimination > Disability Discrimination > Coverage & Definitions*
[HN2] Under 42 U.S.C.S. § 12114(c)(4), an employer is permitted to terminate an alcoholic employee for violating a rational rule of conduct even if the misconduct was related to the employee's alcoholism.

***Civil Procedure > Summary Judgment > Summary Judgment Standard***
[HN3] An appellate court reviews de novo a district court's grant of summary judgment. Viewing the evidence in the light most favorable to the nonmoving party, and drawing all reasonable inferences in her favor, the appellate court must determine whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact.

***Civil Procedure > Appeals > Standards of Review > Abuse of Discretion***
***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction***
[HN4] An appellate court reviews for abuse of discretion a district court's decision pursuant to 28 U.S.C.S. § 1367(c)(3) not to retain supplemental jurisdiction over state claims once it has dismissed all of the plaintiff's federal claims.

***Civil Procedure > Appeals > Standards of Review > Abuse of Discretion***
***Civil Procedure > Costs & Attorney Fees > Litigation Costs***
[HN5] An appellate court reviews a district court's denial of costs for abuse of discretion.

***Labor & Employment Law > Discrimination > Disability Discrimination > Coverage & Definitions***
[HN6] See 42 U.S.C.S. § 12114(c)(4).

***Labor & Employment Law > Discrimination > Disability Discrimination > Coverage & Definitions***
[HN7] 42 U.S.C.S. § 12114(a) of the Americans with Disabilities Act (ADA) specifies that an employee or applicant currently engaging in the use of illegal drugs is not covered by the ADA, while 42 U.S.C.S. § 12114(b) clarifies that § 12114(a) does not apply to an individual who has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use, 42 U.S.C.S. § 12114(b)(1), nor to one who is participating in a supervised rehabilitation program and is no longer engaging in such use, 42 U.S.C.S. § 12114(b)(2). Mere participation in a rehabilitation program is not enough to trigger the protections of § 12114(b); refraining from illegal use of drugs also is essential.

***Labor & Employment Law > Discrimination > Disability Discrimination > Coverage & Definitions***

***Labor & Employment Law > Discrimination > Disability Discrimination > Proof of Discrimination***
[HN8] Employers are entitled to seek reasonable assurances that no illegal use of drugs is occurring or has occurred recently enough so that continuing use is a real and ongoing problem.

***Labor & Employment Law > Discrimination > Disability Discrimination > Proof of Discrimination***
[HN9] An employer may, in appropriate circumstances, have to consider the provision of leave to an employee with a disability as a reasonable accommodation unless the provision of leave would impose an undue hardship.

***Labor & Employment Law > Discrimination > Disability Discrimination > Proof of Discrimination***
[HN10] The interactive process for finding a reasonable accommodation may be triggered by the employer's recognition of the need for such an accommodation, even if the employee does not specifically make the request. The exception to the general rule that an employee must make an initial request applies, however, only when the employer (1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems because of the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation. The employer is required to initiate the interactive process only when an employee is unable to make such a request and the company knows of the existence of the employee's disability.

***Labor & Employment Law > Discrimination > Disability Discrimination > Other Laws***
[HN11] The Rehabilitation Act is restricted in application to any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C.S. § 794(a).

***Labor & Employment Law > Collective Bargaining & Labor Relations > Enforcement***
[HN12] According to § 301 of the Labor Management Relations Act, 29 U.S.C.S. § 185, to the extent any alleged independent agreement conflicts with a collective bargaining agreement (CBA), the terms of the CBA control.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction***
[HN13] Under 28 U.S.C.S. § 1367(c)(3), a district court has discretion to elect not to exercise supplemental jurisdiction over state claims if it has dismissed the

federal claims over which it had original jurisdiction.

*Civil Procedure > Costs & Attorney Fees > Litigation Costs*
[HN14] Fed. R. Civ. P. 54(d)(1) allows costs (other than attorney's fees) as of course to the prevailing party unless the court otherwise directs, so long as the statute at issue or the federal rules do not expressly provide for fees. In order to permit meaningful appellate review, an appellate court requires district courts to provide an explanation when they deny costs to a prevailing party under Fed. R. Civ. P. 54. When the federal statute forming the basis for the action has an express provision governing costs, however, that provision controls over the federal rules. Fed. R. Civ. P. 54(d)(1).

*Civil Procedure > Costs & Attorney Fees > Attorney Fees*
[HN15] The attorney's fee provision of the Americans with Disabilities Act (ADA) allows the court to award a prevailing private party a reasonable attorney's fee, including litigation expenses, and costs . 42 U.S.C.S. § 12205. Attorney's fees under § 12205 should be awarded to a prevailing defendant only if the plaintiff's action was frivolous, unreasonable, or without foundation. Because § 12205 makes fees and costs parallel, the Christiansburg test also applies to an award of costs to a prevailing defendant under the ADA.

**COUNSEL:** Daniel L. Mitchell, Oakland, California, for the plaintiff-appellant-cross appellee.

George J. Barron, Catherine M. Lee, Donahue, Gallagher, Woods & Wood, Oakland, California, for the defendants-appellees-cross appellants.

**JUDGES:** Before: Ruggero J. Aldisert, * Susan P. Graber and Raymond C. Fisher, Circuit Judges. Opinion by Judge Fisher.

> * The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

**OPINIONBY:** Raymond C. Fisher

**OPINION:** [*1185]

FISHER, Circuit Judge:

Karen L. Brown appeals the district court's grant of summary judgment in favor of Lucky Stores and John Hunt on her claims that she was terminated because of her alcoholism in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act and

California's Fair Employment and Housing Act ("FEHA"). Lucky Stores cross-appeals the district court's dismissal of Brown's state law contract and tort claims without prejudice to file [**2] in state court and its failure to award costs to Lucky Stores. [*1186]

This appeal requires us to address the scope of the [HN1] ADA's so-called "safe harbor" provision, 42 U.S.C. § 12114(b)(2), which extends the Act's protections to an individual" participating in a supervised rehabilitation program, and . . . no longer engaging in" the illegal use of drugs. We hold that the "safe harbor" provision applies only to employees who have refrained from using drugs for a significant period of time. We also address the standard to be used in denying costs to a prevailing defendant under the ADA, and hold that such an award is appropriate only if the claim was frivolous, unreasonable or lacking foundation. We affirm in part, reverse in part and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

Brown was employed as a checker at Lucky Stores when, early on the morning of November 10, 1996, she was arrested for drunk driving, possession of methamphetamine and being under the influence of an illegal controlled substance. Unable to post bail, Brown remained incarcerated from November 10 to November 15, 1996.

On November 15, Brown appeared in court and was convicted of driving under [**3] the influence of intoxicants and possession of methamphetamine. The court conditioned suspension of her sentence on her participation in a round-the-clock 90-day drug and alcohol rehabilitation program, Sunrise House. Brown attended the program from November 15, 1996 to February 12, 1997.

On the day of her arrest, Brown contacted Rebecca Caldeira, her sister-in-law, and asked her to inform John Hunt, Brown's manager at Lucky Stores, that she was in jail and could not make it to work that day. Caldeira called Hunt on November 10 to inform him of Brown's incarceration and asked if Brown would be fired. Hunt replied he did not know.

Because she was incarcerated on November 10 and 11 and was required to attend round-the-clock rehabilitation at Sunrise House on November 16, Brown did not report to work for her assigned shifts on those days. Lucky Stores discharged Brown for abandoning her job. It relied on a provision of the collective bargaining agreement ("CBA") governing Brown's terms of employment, which authorizes discharge of an employee for "improper conduct," and a company policy providing that an employee who misses three consecutive shifts for an unauthorized reason will be [**4] terminated from

employment.

Without first filing a grievance under the CBA, Brown filed suit in state court against Lucky Stores and Hunt alleging claims for discrimination based on her alcoholism under the ADA, Rehabilitation Act, FEHA and California Labor Code § 1025; wrongful termination in violation of public policy; defamation; emotional distress; breach of implied contract; and breach of the implied covenant of good faith and fair dealing. Lucky Stores and Hunt removed the case to federal district court.

The district court granted summary judgment in favor of Lucky Stores and Hunt on the ADA, Rehabilitation Act and FEHA claims, and declined to exercise supplemental jurisdiction over plaintiff's remaining contract and tort claims. The court concluded there was no genuine issue that Lucky or Lucky Stores violated the ADA or FEHA because, [HN2] under 42 U.S.C. § 12114(c)(4) and this court's decision in Collings v. Longview Fibre Co., 63 F.3d 828 (9th Cir. 1995), an employer is permitted to terminate an alcoholic employee for violating a rational rule of conduct even if the misconduct was related to the employee's alcoholism. The court further [**5] concluded Lucky Stores did not have a duty to [*1187] accommodate Brown because she never requested an accommodation. The court rejected Brown's Rehabilitation Act claim because Brown failed to establish that Lucky Stores received federal financial assistance and because the standards under the ADA apply to Rehabilitation Act claims. The court dismissed the remaining claims because it concluded they arose under state law, and its dismissal of the federal claims rendered jurisdiction over the state claims discretionary. Shortly thereafter, the court held without elaboration that each party would bear its own costs. This appeal and cross-appeal followed.

## STANDARD OF REVIEW

[HN3] We review de novo a district court's grant of summary judgment. Balint v. Carson City, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). Viewing the evidence in the light most favorable to the nonmoving party, and drawing all reasonable inferences in her favor, we must determine whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact. Id.; Berry v. Valence Tech., Inc., 175 F.3d 699, 703 (9th Cir. 1999). [HN4] We [**6] review for abuse of discretion a district court's decision pursuant to 28 U.S.C. § 1367(c)(3) not to retain supplemental jurisdiction over state claims once it has dismissed all of the plaintiff's federal claims. Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999). [HN5] We review a district court's denial of costs for abuse of discretion. Ass'n of Mexican-Am. Educators v. California ("AMAE"), 231 F.3d 572, 592 (9th Cir. 2000)

(en banc).

## DISCUSSION

A. ADA, Rehabilitation Act and FEHA Claims

1. ADA and FEHA

Although alcoholism is a protected disability under the ADA, see Collings, 63 F.3d at 832 n.4, Brown has not presented any evidence that she was terminated because of her status as an alcoholic, as is required to prove her ADA claim. n1 Wellington v. Lyon County Sch. Dist., 187 F.3d 1150, 1154 (9th Cir. 1999). Rather, the evidence shows that Lucky Stores terminated her pursuant to its general policy under which three consecutive unexcused absences from work warrant termination. n2 [HN6] The ADA clearly states that an employer:

> may hold an employee who engages in the illegal [**7] use of drugs or who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee.

42 U.S.C. § 12114(c)(4); see also Collings, 63 F.3d at 832. Thus, Lucky Stores' termination of Brown did not violate the ADA.

> n1 California courts use federal court decisions concerning the ADA to interpret analogous provisions of the FEHA. Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 271 (9th Cir. 1996) (applying the same analysis to FEHA and ADA claims). Therefore, our ADA analysis applies to Brown's FEHA claims as well.

> n2 The termination was permissible under the CBA, which allows discharges for "improper conduct."

Brown argues that her absence from work on November 16 was protected by 42 U.S.C. § 12114(b)(2). [HN7] Section 12114(a) of the statute [**8] specifies that an employee or applicant "currently engaging in the use of illegal drugs "is not covered by the ADA, while section 12114(b) clarifies that section (a) does not apply to an individual who "has successfully completed a

supervised drug rehabilitation program [*1188] and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use," 42 U.S.C. § 12114(b)(1), nor to one who "is participating in a supervised rehabilitation program and is no longer engaging in such use," id. § 12114(b)(2). Mere participation in a rehabilitation program is not enough to trigger the protections of § 12114(b); "refraining from illegal use of drugs also is essential. [HN8] Employers are entitled to seek reasonable assurances that no illegal use of drugs is occurring or has occurred recently enough so that continuing use is a real and ongoing problem." H.R. Conf. Rep. No. 101-596, at 64 (1990), reprinted in 1990 U.S.C.C.A.N. 565, 573; see also Zenor v. El Paso Healthcare Sys., Ltd., 176 F.3d 847, 857-58 (5th Cir. 1999); Shafer v. Preston Mem'l Hosp. Corp., 107 F.3d 274, 280 (4th Cir. 1997). [**9] Brown's continuing use of drugs and alcohol was clearly an ongoing problem at least until November 10, as demonstrated by her incarceration for driving while intoxicated and possession of methamphetamine. Because she had not refrained from the use of drugs and alcohol for a sufficient length of time, she was not entitled to the protections of the ADA's safe-harbor provision.

Brown also claims that Lucky Stores had a duty to provide a reasonable accommodation for her disability by excusing her absence from her November 16 shift in order to attend the rehabilitation program. See 29 C.F.R. Pt. 1630, App. at 371 ("[HN9] An employer . . . may, in appropriate circumstances, have to consider the provision of leave to an employee with a disability as a reasonable accommodation unless the provision of leave would impose an undue hardship."). Neither Brown nor her sister-in-law asked for an accommodation, however. Brown testified that she never believed she needed rehabilitation while working for Lucky Stores. That, coupled with the absence of evidence that she ever requested an accommodation, leads us to conclude Lucky Stores was under no affirmative obligation to provide an accommodation for [**10] her.

Barnett v. U.S. Air, Inc., 228 F.3d 1105 (9th Cir. 2000), does not alter our conclusion. In Barnett, we held that [HN10] the interactive process for finding a reasonable accommodation may be triggered by the employer's recognition of the need for such an accommodation, even if the employee does not specifically make the request. Id. at 1112. The exception to the general rule that an employee must make an initial request applies, however, only when the employer "(1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems because of the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable

accommodation." Id. (citation omitted). Barnett went on to explain that the employer is required to initiate the interactive process only when "an employee is unable to make such a request" and "the company knows of the existence of the employee's disability." Id. at 1114. The record does not show that Brown was unable to request a reasonable accommodation, or that Lucky Stores knew or had reason to [**11] know that Brown had a disability preventing her from making such a request. n3

> n3 This court's recent opinion in Humphrey v. Memorial Hospitals Ass'n, 239 F.3d 1128 (9th Cir. 2001), is similarly distinguishable. The employer in Humphrey had been apprised of the employee's need for an accommodation, and had already unsuccessfully attempted to provide an accommodation. The case turned on the employer's responsibility to explore other, more effective alternatives. Id. at 1137.

[*1189]

In sum, we conclude that Lucky Stores did not terminate Brown in violation of the ADA, she was not entitled to the protections of the ADA's "safe harbor" provision and Lucky Stores had no duty to provide an accommodation for her, given that she never requested one.

2. Rehabilitation Act

[HN11] The Rehabilitation Act is restricted in application to "any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal [**12] Service." 29 U.S.C. § 794(a); Hingson v. Pacific Southwest Airlines, 743 F.2d 1408, 1414-15 (9th Cir. 1984). Plaintiff has made no showing that Lucky Stores receives federal funds or is otherwise under executive agency control. Accordingly, her Rehabilitation Act claim fails.

B. Contract Claims

Although the parties do not dispute that Brown was covered by a CBA setting forth the conditions under which she could properly be terminated, she nevertheless contends that her termination breached an implied contract and implied covenant of good faith and fair dealing governing her terms of employment. The district court declined to exercise supplemental jurisdiction on these claims and dismissed them without prejudice.

[HN12] According to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to the extent any alleged independent agreement conflicts with a CBA, the terms of the CBA control. See id.; Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1474

(9th Cir. 1984). Brown's claims that she was entitled to nonstatutory protections apart from those guaranteed in the CBA are therefore preempted. [**13] See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985).

Insofar as Brown argues she was terminated in violation of the CBA, the agreement required her to pursue such claims in binding arbitration. Because she failed to seek redress as provided in the CBA, she cannot now resort to the courts to adjudicate these claims. See Truex v. Garrett Freightlines, Inc., 784 F.2d 1347, 1353 (9th Cir. 1986) ("A bargaining unit employee may not bring an action for breach of a collective bargaining agreement unless he has exhausted the contractual grievance procedures."). We therefore hold that Brown's claims for breach of contract and breach of the covenant of good faith and fair dealing should have been dismissed with prejudice.

### C. Tort Claims

The district court declined to exercise supplemental jurisdiction over Brown's state claims for violation of California's Alcohol and Drug Rehabilitation Act, wrongful discharge in violation of public policy, defamation and emotional distress. [HN13] Under 28 U.S.C. § 1367(c)(3), a district court has discretion to elect not to exercise supplemental jurisdiction [**14] over state claims if it has dismissed the federal claims over which it had original jurisdiction. See Voigt v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995). The district court did not have original jurisdiction over Brown's claims alleging tortious conduct under California law. The court's decision to dismiss these claims without prejudice was not an abuse of discretion.

### D. Costs

[HN14] Federal Rule of Civil Procedure 54(d)(1) allows costs (other than attorney's fees) "as of course to the prevailing party unless the court otherwise directs," so long as the statute at issue or the federal rules [*1190] do not expressly provide for fees. In order to permit meaningful appellate review, we require district courts to provide an explanation when they deny costs to a prevailing party under Rule 54. AMAE, 231 F.3d at 591-92.

When the federal statute forming the basis for the action has an express provision governing costs, however, that provision controls over the federal rules. Fed. R. Civ. P. 54(d)(1). [HN15] The attorney's fee provision of the ADA allows the court to award a prevailing private party "a reasonable attorney's fee, including litigation expenses, and costs [**15] ." 42 U.S.C. § 12205 (emphasis added). Attorney's fees under § 12205 should be awarded to a prevailing defendant only if "'the plaintiff's action was frivolous, unreasonable, or without foundation.'" Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978)). Because § 12205 makes fees and costs parallel, we hold that the Christiansburg test also applies to an award of costs to a prevailing defendant under the ADA. See Fite v. Digital Equip. Corp., 66 F. Supp. 2d 232, 233-34 (D. Mass. 1999) (so holding); Red Cloud-Owen v. Albany Steel, Inc., 958 F. Supp. 94, 97 (N.D.N.Y. 1997) (same).

The district court failed to explain why it denied costs to the prevailing defendants. We therefore remand the case to the district court for reconsideration of costs. For those costs attributable to Brown's ADA claim, the district court must explain its decision whether or not to award costs under the Christiansburg standard. See 42 U.S.C. § 12205. For those [**16] costs attributable to Brown's other claims, if the court again denies costs, it must explain the rationale for its denial under the standard enunciated in AMAE. See AMAE, 231 F.3d at 591-93.

### CONCLUSION

We affirm the district court's judgment as to Brown's ADA, FEHA and Rehabilitation Act claims and its dismissal of the state law tort claims without prejudice. Because Brown's implied contract and implied covenant of good faith and fair dealing claims are preempted under § 301 and she failed to exhaust her remedies under the CBA, we hold that those claims must be dismissed with prejudice. Finally, we remand to the district court its decision concerning costs for further consideration consistent with this opinion.

AFFIRMED in part, REVERSED in part and REMANDED.

**<u>END EXHIBIT 1</u>**