ORIGINAL

| | |
|---|---|
| MARK J. BENNETT | 2672 |
| Attorney General of Hawaii | |
| | |
| REGINALD K. T. YEE | 2340 |
| CINDY S. INOUYE | 3968 |
| Deputy Attorneys General | |
| Department of the Attorney | |
| General, State of Hawaii | |
| 425 Queen Street | |
| Honolulu, Hawaii 96813 | |
| Telephone: (808) 586-1494 | |

Attorneys for Defendant
STATE OF HAWAI'I.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 4 2006

at 3 o'clock and 45 min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| "JANE MOTHER", | ) | CIVIL NO. 00-00446 LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANT STATE OF** |
| vs. | ) | **HAWAI'I'S MEMORANDUM IN** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| STATE OF HAWAI'I, | ) | **EX PARTE MOTION TO EXTEND** |
| | ) | **TIME FOR FILING OBJECTIONS** |
| Defendant. | ) | **TO BILL OF COSTS, FILED ON** |
| | ) | **FEBRUARY 22, 2006;** |
| | ) | **DECLARATION OF REGINALD** |
| | ) | **K. T. YEE; EXHIBITS "A" TO "E";** |
| | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | Judge: Hon. Leslie E. Kobayashi |
| | ) | |
| | ) | Trial Date:   October 4, 2005 |
| | ) | |

179636_1.DOC

### DEFENDANT STATE OF HAWAI'I'S
### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
### EX PARTE MOTION TO EXTEND TIME FOR FILING
### OBJECTIONS TO BILL OF COSTS, FILED ON FEBRUARY 22, 2006

Defendant STATE OF HAWAI'I, by and through its attorneys, hereby files its Memorandum in Opposition to Plaintiff's Ex Parte Motion to Extend Time for Filing Objections to Bill of Costs, filed on February 22, 2006, and received on February 23, 2006.

The State had communicated its intention to file a bill of costs to Plaintiff's counsel as early as January 18, 2006 by way of a letter.

The State opposes Plaintiff's Ex Parte Motion for the reason that Plaintiff had time ample time well before February 2, 2006, the date when the bill of costs was filed, to evaluate her position with respect to the law on this matter. In fact, the letter of January 18, 2006 requested a face-to-face discussion to meet the requirements of LR 54.2. The mere fact that Plaintiff's counsel waited to February 22, 2006 to begin researching the law relative to the bill of costs does not excuse his failure to timely begin such research, especially when the LR 54.2 had clearly spelled out the deadline of 11 days.

Further, when Plaintiff's counsel requested a first extension from the original deadline to and including February 20, 2006, for the express purpose "to permit the parties to evaluate settlement, and, thereby, avoid the filing of an appeal",

179636_1.DOC

Defendant complied. I signed the stipulation on February 10, 2006. See copy of signed stipulation filed on February 14, 2006, attached as Exhibit "A".

Plaintiff's first written communication toward settlement was his email message sent on Friday, February 17, 2006 at 1:04 p.m. His message read: "My client has authorized settlement on the terms contained in the attached agreement. Please contact me to discuss." Upon opening the attached document, I realized that Plaintiff's counsel had not proofed it carefully because the way it was written, the settlement was to have been between Plaintiff's counsel [not Plaintiff] and the State of Hawaii. Surely, Plaintiff's counsel had not intended for it to read in that manner or expect the State to accept it in that form. In fact, it was nothing more than a first draft subject to further revisions. See copy of all three email messages, absent the attached drafts of the settlement agreement, is attached as Exhibit "B".

At this point, I did not want to send Plaintiff's first draft of the settlement agreement (version #1) to the Office of the Attorney General ("OAG") for review without giving Plaintiff's counsel an opportunity to make corrections.

I called Plaintiff's counsel and pointed out the obvious errors in it and asked him to correct it. This resulted in his second email message on February 17, 2006 at 2:38 p.m. But in this message, he wrote: "This is a revised draft for your review. I do not yet have authority, but have asked for prompt client review." Attached to

this email message was a revised version #2, of what was originally sent at 1:04 p.m. The attached document was opened and reviewed. A copy of this attached document is not attached.

I again found errors and inconsistencies within version #2. I called Plaintiff's counsel a second time and again pointed out the errors and inconsistencies in it. This finally gave rise to the third email message from Plaintiff's counsel sent on February 17, 2006 at 4:44 p.m.

Again, and for the third time, I opened the attached document, the proposed settlement agreement, version #3, and reviewed it for errors. Once satisfied that it was relatively free of typos and other errors, I forwarded it to OAG for review and authorization for the State to agree to the terminology found in it. By this time, it was already after 5:00 p.m. and the end of a workday, a Friday before a three day weekend. Monday, February 20, 2006 was a holiday.

On the following Tuesday, February 21, 2006, I received a call from Plaintiff's counsel who now demanded that I give him a response as to whether I had received authorization to settle given the language in the proposed settlement agreement. Because I did not have any authority at this stage, he made further demands that I give him an additional week or 7 days to file Plaintiff's opposition. I agreed to a week extension from February 20, 2006 to February 27, 2006 and left

179636_1.DOC

3

him a voice mail message to that effect and asked him to send the stipulation over for my signature.

Later, that afternoon on February 21, 2006, at approximately 3:30 p.m., his secretary appeared at our office and presented the stipulation for my signature. I reviewed it and signed it immediately and to assist the Plaintiff, made the requisite copies for her. Later, that evening, on February 21, 2006, at 7:53 p.m. Plaintiff's counsel faxed a letter stating that because of the State's failure to respond to the settlement proposal [the final third version, which was sent on Friday, February 17, 2006 at 4:44 p.m., my understanding was that he still had not yet obtained authority from his client], his client had withdrawn the settlement proposal. His letter also stated that the State had failed to give him a week's extension, that they will now file an opposition to the bill of costs and file an appeal.

It appeared to this counsel that Plaintiff's counsel had not acted in good faith in obtaining the State's agreement and signature on the stipulation to extend time to file an opposition to the bill of costs on February 21, 2006 at 3:30 p.m., only to receive a letter not more than four (4) hours later at 7:53 p.m. informing the State that settlement discussions were off, and opposition to the bill of costs and an appeal would be filed. A copy of Plaintiff's counsel's drafted stipulation to extend time to file opposition to bill of cost to the date of February 27, 2006, and his

subsequent letter dated February 21, 2006 faxed at 7:53 p.m. is attached, respectively, as Exhibits "C" and "D".

I cannot understand how Plaintiff's counsel can in good faith state that the State had not granted him an extension when in fact not more than four hours earlier, I had signed the Stipulation. The distinct impression left is that my signature on the Stipulation was not obtained in good faith. I respectfully request that Plaintiff's Ex Parte Motion to Extend Time for Filing Objections to Bill of Costs, filed on February 22, 2006, be denied.

In regards to Brown v. Lucky Stores, 246 F.3d 1182 (9th Cir.2001), the application of the Christianburg test was extended to costs when it involved a "prevailing defendant under the ADA", only. At 1190. In the case at hand, Plaintiff Jane Mother brought her case under various legal theories in addition to alleging a violation of the ADA. The additional alleged violations included: Section 504 of the Rehabilitation Act, due process violation under 42 U.S.C. 1983, and common law tort of willful deliberate conduct by individual defendants. See copy of the Complaint attached hereto as Exhibit "E". Brown's applicability would be arguably isolated to the ADA portion of Plaintiff's claim only. Costs should still be awarded to Defendant State as Plaintiff brought claims under other legal theories, identified above.

Rule 408 of the Federal Rule of Evidence applies to the admissibility of evidence at the time of trial.

Defendant State would be prejudiced should the Court grant Plaintiff's Ex Parte Motion.

Defendant State respectfully requests that Plaintiff's Ex Parte Motion be denied.

DATED: Honolulu, Hawaii, February 24, 2006.

                                    REGINALD K. T. YEE
                                    Deputy Attorney General

                                    Attorney for Defendant
                                    STATE OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| "JANE MOTHER",            )<br>                                       )<br>            Plaintiff,          )<br>  vs.                                )<br>                                       )<br> STATE OF HAWAI'I, CHERYL   )<br> LIPPMAN, and SHARON MANNER )<br> in their individual capacities, )<br>                                       )<br>                                       )<br>            Defendants.        ) | CIVIL NO. 00-00446 DAE/LEK<br><br><br><br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 24, 2006, a copy of the foregoing was served on the counsel for the above-identified party at his/her last known address via U.S. mail, postage prepaid as follows:

CARL M. VARADY, ESQ.
1001 Bishop Street, Suite 2870
American Savings Bank Tower
Honolulu, Hawaii 96813

Attorney for Plaintiff

DATED: Honolulu, Hawaii, February 24, 2006.

_____
REGINALD K. T. YEE
Deputy Attorney General

Attorney for Defendant
STATE OF HAWAI'I

179636_1.DOC