ORIGINAL

LAW OFFICE OF CARL M. VARADY

CARL M. VARADY
Pacific Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i 96813
Telephone (808) 523-8447

Attorney for Plaintiffs
"JANE MOTHER" and her minor son
R.N.



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 28 2000

at __ o'clock and __ __.M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| R.N., through his mother and next friend, "JANE MOTHER" and "JANE MOTHER", Plaintiffs, vs. STATE OF HAWAI'I, CHERYL LIPPMAN, and SHARON MANNER in their individual capacities, Defendants. | CIVIL NO. CV00 00446 DAE LE<br><br>COMPLAINT; SUMMONS |



ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii
By _____
Deputy

## COMPLAINT

Plaintiffs, R.N., through his mother and next friend, "JANE MOTHER," and "JANE MOTHER," for their complaint against the defendants, state the following:

EXHIBIT "E"

## JURISDICTION AND VENUE

1. This is a civil action arising under, 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165 & 12181-12189 and § 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794. This Court has jurisdiction over plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and all conditions precedent to the exercise of jurisdiction have been satisfied.

2. Venue in this District is proper under 28 U.S.C. § 1391(b). All defendants reside and the claims arose within the District of Hawai'i.

## PARTIES

3. Plaintiff, R.N., is the minor son of "JANE MOTHER," and was a resident of Honolulu, Hawai'i at the time the events giving rise to this cause took place. He is proceeding under a pseudonym to protect his privacy and to avoid further aggravating his disability.

4. Plaintiff "JANE MOTHER," is the mother of R.N., and was a resident of Honolulu, Hawai'i, at the time the events giving rise to this cause of action accrued. She is proceeding under a pseudonym to protect her and her son's privacy and to avoid further aggravating his disability. Immediately upon serving this complaint, the defendants will be informed of R.N.'s and "JANE MOTHER'S" identities. A sealed declaration confirming those identities is being filed contemporaneously with this complaint.

5. Defendant State of Hawai'i (the "State") is a body politic, and constitutes a "public entity" within the meaning of the ADA and, upon information and belief, is a recipient of federal funds within the meaning of Section 504, and is sued herein exclusively under those statutes.

6. Defendant CHERYL LIPPMAN was an employee or agent of the other defendants at the Waikiki Elementary School at the time the events giving rise to this cause of action took place, and resides in Honolulu, Hawai'i.

7. Defendant SHARON MANNER was an employee or agent of the other defendants at the time the events giving rise to this cause of action took place, and resides in Honolulu, Hawai'i.

8. Defendants LIPPMAN and MANNER are herein referred to collectively as the "Individual Defendants."

9. At all times relevant to this complaint, the Individual Defendants were acting within the course and scope of their employment.

10. At all times relevant to this complaint, the Individual Defendants were acting under color of state law.

11. This complaint is brought against the defendants LIPPMAN and MANNER in their individual capacities.

12. This complaint seeks only retrospective relief in the form of damages.

## FACTS

13. R.N. suffers from a psychological disability that sometimes prevents him from attending public school and requires additional assistance with instruction. R.N.'s disability is an extreme form of anxiety disorder that has been diagnosed and for which he has been receiving treatment.

14. Defendants were aware of R.N.'s condition prior to June 29, 1998.

-3-

15. Defendants have directly and intentionally injured R.N. by terrorizing him and subjecting him to harassment and instituting Hawai'i Family Court proceedings against his mother and attempting to obtain custody for alleged neglect based solely on R.N.'s absences from school due to his anxiety disability.

16. "JANE MOTHER" was summoned to answer these neglect charges on June 29, 1998.

17. The neglect charges were not sustained.

18. The Family Court proceeding was terminated with prejudice. "JANE MOTHER"'s custody over her son was not terminated in September 1998.

19. The neglect proceedings were part of a pattern of harassment inflicted by defendants on R.N. and "JANE MOTHER", because of R.N.'s disability.

## DUE PROCESS VIOLATION UNDER 42 U.S.C § 1983

20. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

21. The Individual Defendants actions deprived plaintiffs of their rights under the ADA, Section 504 and related federal regulations without Due Process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

22. The Individual Defendants' actions deprived plaintiffs of their rights to substantive Due Process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

23. The Individual Defendants' actions caused plaintiffs severe psychological harm and physical distress for which they are entitled to recover under 42 U.S.C. § 1983.

## ADA CLAIMS

24. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

25. Defendants have excluded R.N. from participation and denied him benefits and services of a public entity (the Hawai'i Department of Education) and subjected R.N. to discrimination, in violation of 42 U.S.C. § 12132.

26. Defendants failed and refused to make reasonable modifications in policies, practices and procedure to avoid discriminating against R.N. on the basis of his disability, in violation of 28 C.F.R. § 35.130(b)(7).

27. The modifications sought by R.N. would not have fundamentally altered the service program or activity offered by defendants.

28. As a proximate result of defendants' violation of 42 U.S.C. § 12132 and its implementing regulations, R.N. suffered humiliation and emotional distress and financial loss.

29. R.N. is entitled to compensatory damages under 42 U.S.C. § 12133.

## SECTION 504 OF THE REHABILITATION ACT OF 1973

30. Plaintiffs incorporate herein by reference the allegations set forth in the paragraphs above.

31. Defendants' actions and non-actions as alleged constituted a violation of R.N.'s rights under Section 504 of the Rehabilitation Act of 1973, for which plaintiff is entitled to damages.

## WILLFUL DELIBERATE CONDUCT BY INDIVIDUAL DEPENDANTS

32. Plaintiff incorporates herein by reference the allegations set forth in the paragraphs above.

33. The Individual Defendants' actions toward plaintiffs, described in this complaint, which caused plaintiffs injury were outrageous, deliberate willful and in wanton disregard for plaintiffs' rights for which they are individually liable and for which punitive damages are proper.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against the defendants jointly and severally for:

A. Special damages in an amount to be proved at trial;

B. General damages in an amount to be proved at trial;

C. Punitive damages in an amount to be proved at trial against the Individual Defendants; and

D. Attorneys fees pursuant to 42 U.S.C. §§ 1988 & 12205, costs of suit, pre- and post-judgment interest and such other relief the Court deems appropriate.

DATED:   Honolulu, Hawai'i, June 28, 2000.

_____
CARL M. VARADY

Attorney for Plaintiffs
R.N. and "JANE MOTHER"