IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| "JANE MOTHER", <br><br> Plaintiff, <br> vs. <br><br> STATE OF HAWAI'I, CHERYL LIPPMAN, and SHARON MANNER in their individual capacities, <br><br> Defendants. | CIVIL NO. 00-00446 DAE/LEK <br><br> **DECLARATION OF REGINALD K. T. YEE** |

### DECLARATION OF REGINALD K. T. YEE

I, REGINALD K.T. YEE, do hereby declare as follows:

1.  I am an attorney duly licensed to practice law in the State of Hawaii and am a deputy attorney general assigned to represent the State of Hawaii in the above-referenced case. I have reviewed the records and files and make the following statements upon information and belief.

2.  On February 2, 2006, Defendant State filed a bill of costs seeking costs in the amount of $27,349.93.

3.  Plaintiff filed her objections entitled Plaintiff Objections to Defendant State of Hawaii's Bill of costs [filed February 2, 2006], on March 3, 2006.

4.  Plaintiff's objections to Defendant State's bill of cost, argued that to the effect "costs are not available as a matter of law" and other reasons why the Defendant State was not entitled to its costs.

5.  Defendant State respectfully requests that it be allowed to file a reply memorandum addressing the points raised by the Plaintiff.

6.  Defendant State respectfully requests that a hearing on the issue of the bill of costs be allowed and that the State be allowed to respond accordingly.

7.  Up until most recently, Defendant State and Plaintiff have been engaged in discussions to forego the State's bill of costs in favor of the Plaintiff not filing an appeal.

8.  Defendant State believes that it is entitled to its costs as Bruce v. City of Gainesville, Ga., 177 F.3d 949 (11th Cir. 1999) had set forth a three part test:

> In determining whether case is "frivolous," for purposes of awarding attorney fees [costs] to prevailing defendant, courts consider, as general guidelines: (1) whether plaintiff established a prima facie case, (2) whether defendant offered to settle, and (3) whether trial court dismissed case prior to trial or held full-blown trial on the merits. [Word Bracketed Mine.]

I declare under penalty of perjury that the foregoing is true to the best of my knowledge and ability.

DATED: Honolulu, Hawaii, March 6, 2006.

_____
REGINAD K. T. YEE