IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

```
JANE MOTHER,                    )   CIVIL NO. 00-00446 LEK
                                )
        Plaintiff,              )
                                )
    vs.                         )
                                )
STATE OF HAWAI`I,               )
                                )
        Defendant.              )
_____ )
```

**ORDER GRANTING PLAINTIFF'S**
**OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

Defendant State of Hawai`i ("the State") filed its Bill of Costs and its Memorandum in Support of Bill of Costs on February 2, 2006. Plaintiff Jane Mother ("Jane Mother") filed her objections to the Bill of Costs ("Objections") on March 3, 2006. Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without hearing. After careful consideration of the Bill of Costs, Objections, and the relevant case law, the Court GRANTS Jane Mother's Objections for the reasons that follow.

**BACKGROUND**

Jane Mother's minor son, R., had a learning disability and was eligible for special education services under the Individuals with Disabilities Education Act ("IDEA"). Throughout R.'s elementary and middle school years, Jane Mother vigorously advocated for the services called for in R.'s Individualized

Education Plans ("IEPs").  R.'s schools, however, did not provide all of the services called for in the IEPs.

Jane Mother and R. (collectively "Plaintiffs") originally filed the Complaint in this case against the State, and Cheryl Lippman and Sharon Manner, in their individual capacities (collectively "State Defendants").  The Complaint alleged that R. had a psychological disability that would sometimes prevent him from attending school.  The Complaint further alleged that, despite the State Defendants' knowledge of R.'s condition, they filed a Petition for Family Supervision ("Petition") against Jane Mother for educational neglect based on R.'s school absences.  According to Plaintiffs, State Defendants sought to have Jane Mother's custody of R. terminated.  The Complaint alleged that the neglect proceedings were part of a continuing pattern of harassment and retaliation by State Defendants against Plaintiffs.  State Defendants allegedly retaliated and discriminated against Jane Mother because she advocated for R.'s rights under the IDEA.  Plaintiffs alleged that these and other actions constituted violations of: their due process rights under 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act ("ADA"); and Section 504 of the Rehabilitation Act of 1973 ("Section 504").  Plaintiffs also alleged that the individual defendants were liable for punitive damages because they acted in outrageous, willful, and wanton

disregard of Plaintiffs' rights.

Pursuant to the consent of the parties, the case was transferred to this Court on April 15, 2002. Trial in this case commenced on October 4, 2005. By the time of trial, the only remaining claims were Jane Mother's ADA and Section 504 claims against the State.

On October 7, 2005, this Court orally granted the State's Motion for Judgment on Partial Findings and found in favor of the State on Jane Mother's remaining claims. The Court issued its written order on December 22, 2005. Judgment was entered on January 4, 2006.

The State's Bill of Costs, filed February 2, 2006, requests the following costs from Jane Mother:

| | |
|---|---|
| Fees for service of summons and subpoena | $ 1,027.50 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. | $13,035.78 |
| Fees for witnesses | $   248.00 |
| Fees for exemplification and and copies of papers necessarily obtained for use in the case. | $13,038.65 |
| **TOTAL:** | **$27,349.93** |

[Bill of Costs at 1.] The State argues that it is the prevailing party and is entitled to its taxable costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.2(a). [Mem. in

Supp. of Bill of Costs at 1.]

Jane Mother filed her Objections on March 3, 2006. She argues that the State is not entitled to an award of costs because, under the ADA and Section 504, a prevailing defendant is only entitled to attorney's fees and costs if the plaintiff's action was "'frivolous, unreasonable, or without foundation.'" [Objections at 3 (quoting Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1191 (9th Cir. 2001)).] Jane Mother argues that this Court should deny the State's request for costs because her claims were not frivolous, unreasonable, or without merit as a matter of law. [Id. at 7.]

Jane Mother also argues that the Court should deny the Bill of Costs because it does not comply with the requirements of Local Rule 54.2(c). The Bill of Costs does not include an affidavit describing the parties' attempt to meet-and-confer regarding the taxation of costs. [Id. at 8.] Jane Mother also raises specific objections to some of the requested costs. [Id. at 8-11.] Finally, Jane Mother argues that, if the Court is inclined to tax costs against her, the Court must first determine whether the taxation of costs would cause her financial hardship. [Id. at 7-8 n.2.]

## DISCUSSION

### I. Procedural Defect

Jane Mother argues that the Court should not consider

the merits of the State's Bill of Costs because it does not comply with the requirements of Local Rule 54.2. Local Rule 54.2(c) requires that a bill of costs

> be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law. The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference[.]

Local Rule LR54.2(c). The State submitted declarations in support of its Bill of Costs. The declarations do not contain a representation that counsel for the State and counsel for Jane Mother met and conferred about the request for costs. The State's Memorandum in Support of Bill of Costs, however, described the parties' attempt to meet-and-confer and the result of those attempts. Insofar as the State did address the meet-and-confer requirement elsewhere in the Bill of Costs, this Court DENIES Jane Mother's procedural defect objection.

**II.  Entitlement to Costs**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1); see also Local Rule LR54.2(a). Rule 54(d) creates a strong presumption that the prevailing party should be awarded its taxable costs. See Miles

v. California, 320 F.3d 986, 988 (9th Cir. 2003). Thus, when a court denies costs to a prevailing party, it must specify its reasons for doing so. See id.

Where the applicable United States statute expressly provides for an award of costs, that statute controls over Rule 54(d). See Fed. R. Civ. P. 54(d)(1). The present case involved claims under the ADA and Section 504. The general rule is that, in any action commenced under the ADA, "the court . . . , in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. The Ninth Circuit, however, has held that courts should only award attorney's fees under § 12205 to a prevailing defendant if "'the plaintiff's action was frivolous, unreasonable, or without foundation.'" Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). In Brown v. Lucky Stores, Inc., the Ninth Circuit held that the Christiansburg rule also applied to awards of costs under § 12205 because the statute makes the award of fees and the award of costs parallel. See 246 F.3d 1182, 1190 (9th Cir. 2001).

The Ninth Circuit has not expressly addressed whether the Christiansburg standard applies to an award of costs to a prevailing defendant in a Section 504 action. The fee-shifting

statute in Section 504 provides that, in any action regarding an alleged violation of Section 504, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  29 U.S.C. § 794a(b).  This provision is identical to the fee-shifting language in 42 U.S.C. § 1988(b)[1] and the United States Supreme Court has applied the Christiansburg rule to awards of attorney's fees under § 1988.  See Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam).  Some courts have held that, based on Hughes, the Christiansburg rule also applies to awards of attorney's fees under § 794a(b).  See, e.g., Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 10-11 (1st Cir. 1999); see also Homeward Bound, Inc. v. Hissom Mem'l Ctr., 963 F.2d 1352, 1354 n.1 (10th Cir. 1992) (holding that the standard for awarding fees under § 1988 applies to fee awards under §794a(b)).  Similarly, because § 794a(b) makes the award of attorney's fees and the award of costs parallel, this Court concludes that the Ninth Circuit's holding in Brown v. Lucky Stores, Inc. also applies to awards of costs to a prevailing defendant pursuant to § 794a(b).  This Court therefore cannot award the State its taxable costs unless

---

[1] Section 1988(b) provides, in pertinent part:  "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]"  42 U.S.C. § 1988(b).

Jane Mother's action was frivolous, unreasonable, or without foundation.

In granting the State's Motion for Judgment on Partial Findings, this Court found, *inter alia*, that: Jane Mother established a prima facie claim of retaliation under the ADA and Section 504, based on the State's filing of the Petition; the State established a legitimate, non-retaliatory reason for filing the Petition; Jane Mother did not meet her burden of proving that the State's legitimate, non-retaliatory reason was pretextual; and, although the State failed to render all of the services called for in R.'s IEPs, there is no evidence that this was an act of intentional discrimination or retaliation against Jane Mother.  Having considered the incidents which gave rise to Jane Mother's claims, including the filing of the Petition, Milton Shishido's statement that the purpose of the Petition was to have custody of R. taken away from Jane Mother because of all the demands she made upon R.'s school, and the continual denial of services to R., this Court cannot find that Jane Mother's action was frivolous, unreasonable, or without foundation.

This Court therefore finds that the State is not entitled to its taxable costs and GRANTS Jane Mother's objection. In light of this ruling, the Court need not address Jane Mother's remaining arguments.

**CONCLUSION**

On the basis of the foregoing, the Court GRANTS Jane Mother's Objections to the State's Bill of Costs.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 5, 2006.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JANE MOTHER V. STATE OF HAWAI`I; CIVIL NO. 00-00446 LEK; ORDER GRANTING PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS**