FILED

JUN 20 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| "JANE MOTHER", guardian ad litem R.N., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF HAWAII; CHERYL LIPPMAN, in her individual capacity; SHARON MANNER, in her individual capacity, <br><br> Defendants - Appellees. | No. 06-15430 <br><br> D.C. No. CV-00-00446-LEK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, Magistrate Judge, Presiding

Argued and Submitted June 16, 2008
Honolulu, Hawaii

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"Jane Mother" appeals the judgment, pursuant to Federal Rule of Civil Procedure 52(c), entered by the magistrate judge following a bench trial, on her claim pursuant to the ADA, 42 U.S.C. §§ 12101-12213, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794a(a)(2). We affirm.

Mother argues that the magistrate judge erred in holding that the trial court was not permitted to make inferences in the plaintiff's favor in ruling on a Rule 52(c) motion. While this would be error if it had occurred, we do not believe that the magistrate judge misunderstood Rule 52(c) or her role in applying it. When deciding a motion under Rule 52(c), the court is "not required to draw any inferences in favor of the non-moving party," as it would be required to do when deciding a motion under Rule 56, for example. *Ritchie v. United States*, 451 F.3d 1019, 1023 (9th Cir. 2006). Instead, it "may make findings in accordance with its own view of the evidence." *Id*. Although the magistrate judge's articulation of the standard could have been clearer, her citation to *Price v. U.S. Navy*, 818 F. Supp. 1323, 1324 (S.D. Cal. 1992), which states the rule correctly, indicates that the court recognized that while it was not obliged to draw all inferences in the plaintiff's favor, it *could* draw such inferences in the plaintiff's favor as the evidence warranted. Our review of the order reflects that the magistrate judge in fact did this, resolving some disputes by making findings in Mother's favor.

Mother further contends the magistrate judge clearly erred in finding that the state established a legitimate, non-retaliatory reason for the petition.  We disagree.  Substantial evidence supports Hawaii's explanation that it sought to address R's serious attendance problem, that Hawaii did not act to effect a change in custody, and that it reasonably believed that Mother was compounding R's problem.  The court's conclusions were not based on speculation given the record of interactions.  Nor did the magistrate judge ignore evidence of school hostility.  Rather, the court found the school's conduct insensitive in many respects, but after a careful and meticulous review, found that the evidence did not show either intent to retaliate or that the state's reasons were pretextual.  We are not firmly convinced of error.

AFFIRMED.